## L. A. BALLARD V. THE STATE.

No. 9490.    Delivered January 13, 1926.

Rehearing denied March 10, 1926.

**1.—Manslaughter—Continuance—No Error in Refusing.**

Where, on a trial for manslaughter appellant asked for a continuance and on the hearing of his motion for a new trial evidence is heard by the court on the issue, we are not in a position to say after a careful review of same that the trial court abused his discretion in holding against appellant.

**2.—Same—Charge of Court—Limiting Testimony—Properly Refused.**

Where the wife of the deceased had testified to a conversation between appellant and deceased, showing both motive and a threat against deceased by appellant, there was no error in the trial court refusing to limit such testimony for the purpose only of showing motive, to do so would have been a charge directly on the weight of the testimony.

**3.—Same—Charge of Court—On Excluded Testimony—Properly Refused.**

Where the record discloses that testimony which appellant contends should have been limited in the court's charge to impeaching purposes, was withdrawn from the consideration of the jury, no error appears in the court's refusal to limit the purpose for which such testimony could be considered.

**4.—Same—Cross-Examination—Held, Not Improper.**

There was no error in the court permitting the state on cross-examination of a witness for appellant, to inquire into matters that were brought out by said witness by the appellant himself on his direct examination of such witness.

ON REHEARING.

**5.—Same—Evidence—Negative Answer—No Error Shown.**

Where a question is asked a witness by the state, and on objection to same by appellant, the question is changed, and answered by witness in the negative, we cannot discover any injury to appellant. No error being presented of a reversible character on rehearing the motion is overruled.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction of manslaughter, penalty three years in the penitentiary.

This is a second appeal of this case. Disposition of the first appeal is found in 262 S. W. 85, where a sufficient statement of the facts is made.

*Lon A. Brooks, J. F. Cunningham* and *Oliver Cunningham* and *Stinson, Coombs & Brooks,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is manslaughter and the punishment is three years in the penitentiary.

This is the second appeal of this case. Disposition of the first appeal is found in 262 S. W. 85, where a sufficient statement of the facts is made.

Appellant's first complaint is at the action of the court in overruling his first supplemental motion for a continuance. This motion was based on the ground that the appellant was sick and unable to advise with his counsel in the defense of his case. This issue was contested before the trial court and proof introduced touching the physical condition of the appellant. After hearing the evidence on the issue the trial court decided it against the appellant. The record discloses the testimony that was heard on this matter and we are not in a position to say after a careful review of the same that the trial court abused his discretion in holding that the appellant's condition was not such as to make it impracticable for him to advise with his counsel and to stand trial in the case. The only testimony offered was that of two physicians and their testimony is so indefinite and uncertain as to preclude us from saying that the trial court's action in the matter was error.

We think there is no just ground for complaint at the court's action in refusing to limit the testimony of the wife of the deceased. This witness testified in effect that the deceased told the defendant in her presence that the defendant had gotten him into trouble and that if he, the defendant, did not help him out he would turn the whole matter in, and that the defendant replied that if he did he, the deceased, would wake up in hell. It is appellant's contention that this testimony ought to have been limited by an instruction advising the jury that they could consider it only for the purpose of showing motive. The learned trial court correctly refused to do this. Such an instruction would have been directly on the weight of this testimony, for it was not only admissible for the purpose of showing motive but it was also admissible as at least a conditional threat and the jury had a right to consider it as such.

What has been said with reference to the testimony of the

wife of the deceased also applies to the testimony of E. R. Burns. His testimony was admissible not only for the purpose of showing motive but it was admissible as a conditional threat also.

The conversation between witness Burns and Ed Peach is made the subject of complaint. Burns testified that the witness Peach came into his place of business the next morning after the shooting and made the following statement: "I know all about this affair and I want to tell you I don't want to testify in the examining trial because Ballard (the defendant) owes me about sixty dollars and if I do testify it will be against him and they will likely break his neck."

Appellant complains at the action of the court in refusing to limit this testimony to impeachment purposes alone. The record discloses that the testimony of Burns with reference to the statement made by Peach, except that part where he expressed his opinion that appellant was guilty was limited in the charge to impeachment purposes alone. The portion wherein he expressed his opinion as to appellant's guilt was excluded on appellant's motion. Appellant contends, however, that the court should have gone further and instructed the jury in his charge not to consider for any purpose that part of Burns' testimony to the effect that each had expressed his opinion as to the apellant's guilt. The record discloses that this testimony was excluded by the court and in fact apellant's objection to the charge shows this fact and we think that this sufficiently protected appellant's rights in the matter. We know of no rule that would make it reversible error in this case for the court to fail to instruct the jury to disregard testimony that the court had already excluded.

We think that no reversible error is shown in the cross-examination of the witness Ed Bigby. The conversation elicited by the state as shown by the court's qualification of the defendant's bill of exceptions was a part of that inquired into by the appellant himself while the witness was testifying in his behalf. The court sustained appellant's objection as to any statement the deceased may have made to the witness about the appellant and the deceased's wife and the court in his qualification of the bill certifies that the question was framed in an entirely different manner to the question relating to the same matter on a former appeal and that the question as framed did not suggest an improper relation had existed be-

tween defendant and the wife of the deceased. Under these conditions reversible error is not shown.

We have carefully examined the other matters raised by appellant and have reached the conclusion that no error is shown in any of them.

Finding no error in the record, it is our opinion that the judgment of the trial court should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and aproved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing apellant presents two objections to our opinion. He first says we should have reversed the case because the court refused his first supplemental motion for continuance. As stated in our former opinion, this application was based on the ground of the then illness of appellant. Referring to the testimony of the two doctors who testified on the presentation of said motion for continuance, we observe that one of said doctors introduced by appellant said, among other things, that he was called to see appellant about 10 o'clock Saturday night and found him complaining of a pain in his side, but that his temperature and respiration were both normal; that he had "friction rub" in the left side that witness took to be pleurisy; that he gave him some morphine and creosote mixture. We turn aside to say that on the Saturday night mentioned the jury in this case had been obtained and the case passed over for further consideration on Monday following. The witness just refrred to was giving testimony on said Monday. He further testified: "If this man was properly clothed and properly brought over here (evidently meaning to the court house) I don't think it would hurt him. * * * I think he is able to converse with his lawyers and talk with them about matters without inconvenience or pain. I don't believe I have heard him complain when he talks."

The other doctor was introduced in opposition to the motion and testified for the state that he examined appellant about one o'clock Monday afternoon and did not find any disease present. He further said that assuming that the defendant had pleurisy

pain Saturday night, or friction rub, and that he has had no temperature or excitment of the pulse, and the weather was clear, and in view of the fact that it was only three' or four hundred feet from the court house to the place where he resided, he saw no reason why appellant should not be able to undergo the strain of a trial at this time. He further testified it was his opinion that appellant could sit' up in a chair. In the light of the testimony above set out we see no error in the action of the learned trial judge in overruling the supplemental motion for continuance.

Appellant also complains of our disposition of the matters contained in his bill of exceptions No. 5. Same shows that the state asked defense witness Peach if he had not said certain things to Ernest Burns, and that the question was 'objected to by appellant's counsel, and it is stated the court overruled said objection. The bill, however, further shows that the state's attorney changed the question and asked the witness if he did not tell Mr. Burns on the occasion referred to, the next morning after the killing, that he did not want to testify against the defendant before an examining court, and if he did not give his reasons for it. Witness answered, "No, sir; I don't remember making any such statement as that". The bill recites that appellant then and there objected and' excepted, etc. It thus appears that there was no answer made to that part of the question which is argued in the motion for rehearing as objectionable.

Being of opinion that the case was properly decided, and that the motion for rehearing is without merit, same will be overruled.

*Overruled.*